**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID B. POWELL,** | : | |
| | : | |
| Plaintiff | : | Civil No. 1:07-CV-1408 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **JOANNE PASTIR, and** | : | |
| **SHP MANAGEMENT CORP.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the Court is Plaintiff David B. Powell's complaint against Defendants Joanne Pastir and SHP Management Corporation, together with a motion for leave to proceed in forma pauperis. For the reasons that briefly follow, the motion to proceed in forma pauperis will be granted and this action will be dismissed for failure to state a claim upon which relief can be granted.[1]

Plaintiff alleges that on March 10, 2003, he filed with Defendants a "preliminary

---

[1] The Court is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process under 28 U.S.C. § 1915(e). This statute provides, in relevant part, as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) <u>fails to state a claim on which relief may be granted</u>; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added)

application . . . for admittance into the Philipsburg Towers." (Compl. ¶ 3.) Although not entirely clear from the complaint, it appears that Defendants operate apartments or other dwellings occupied by retired, elderly, and/or disabled persons, and it appears that Plaintiff applied to live in the Towers. He alleges that at the time he filed his application he was informed that residents of the Towers needed to be at least sixty-five years old.[2] Plaintiff alleges that notwithstanding this asserted age requirement, he was aware that unnamed persons living in the Towers were "not older than" sixty-five. (Id.) Plaintiff learned in June, 2007, that Defendants changed their admissions criteria to allow qualified persons aged sixty-two years or older, or otherwise who were disabled, to live in the Towers. Plaintiff avers that he has been disabled for more than five years "with additional medical situations" that occurred after he was found to be disabled. (Id. ¶ 6.) Nowhere in the complaint does Plaintiff allege that he applied to live in the Towers since his preliminary application was denied in 2003.

Plaintiff contends that Defendants' admission policies are discriminatory as to him with respect to age, and he additionally contends that the policies violate the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"). In his prayer for relief, Plaintiff requests that the Court order Defendants to provide Plaintiff with an apartment in the Towers.

Upon review of the complaint, the Court finds that Plaintiff has failed to state a claim for either age or disability discrimination. Plaintiff has merely averred that he applied for residency in the Towers and was denied because, apparently, he had not yet attained the age of sixty-five at

---

[2] Although he does not specify his age at any point in the complaint, the Court infers that Plaintiff was not sixty-five years old at the time he applied to live in the Towers in March, 2003.

the time of his application. The fact that a private residence "discriminates" against applicants on account of their age does not give rise to a federal cause of action.[3] Moreover, Plaintiff has failed to allege any facts that could give rise to a claim for disability discrimination under the ADA, and Plaintiff has not stated even a general claim explaining how Defendants are alleged to have discriminated against him on account of an unspecified disability. At most, Plaintiff has alleged that Defendants give admission preference to applicants with disabilities; he does not allege that Defendants discriminated against him on the basis of an alleged disability.

In addition, Plaintiff has alleged that he applied for admission to the Towers on March 10, 2003 – approximately four and one-half years ago. Claims brought under 42 U.S.C. § 1983 or under the ADA must be brought within two years of the date on which a plaintiff claims to have discovered his injury.[4] Thus, in addition to failing to state a claim under federal law, Plaintiff's claims are substantially untimely and he has not alleged facts that suggest that some narrow exception to the applicable statutes of limitation, such as equitable tolling, would apply.[5]

---

[3] It appears that Defendants are private actors, and Plaintiff nowhere states facts that could cause Defendants to be considered state actors. Thus, to the extent Plaintiff is attempting to assert claims under the Equal Protection of Due Process Clauses of the Fourteenth Amendment, such claims are not cognizable. Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 384 (U.S. 1979) ("The rights secured by the Equal Protection and Due Process Clauses of the Fourteenth Amendment are rights to protection against unequal or unfair treatment by the State, not by private parties.")

[4] The statute of limitations for bringing a civil rights suit under § 1983 is the same as the state statute of limitations for bringing a personal injury action. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993). In Pennsylvania, that period is two years. Id.; see 42 Pa. Con. Stat. § 5524. Because the ADA does not contain a statute of limitations, it too borrows the state limitations period for personal injury actions. Foster v. Morris, 208 F. App'x 174, 177 n.3 (3d Cir. 2006) (citation omitted) (per curiam).

[5] Although he claims to have discovered in June 2007 that Defendants amended their admissions criteria, Plaintiff has failed to allege facts giving rise to a cognizable injury stemming from this fact.

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted and this action will be dismissed pursuant to 28 U.S.C. § 1915(e). An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID B. POWELL,** | : | |
| Plaintiff | : | Civil No. 1:07-CV-1408 |
| v. | : | (Chief Judge Kane) |
| **JOANNE PASTIR, and** | : | |
| **SHP MANAGEMENT CORP.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 13th day of August 2007, upon consideration of Plaintiff's complaint (Doc. No. 1) and motion for leave to proceed in forma pauperis (Doc. No. 2); and the Court finding that Plaintiff's complaint fails to state a claim upon which relief can be granted and additionally that the complaint is substantially untimely; **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is **GRANTED**.

2. Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to close the file.

                                           S/ Yvette Kane
                                           Yvette Kane, Chief Judge
                                           United States District Court
                                           Middle District of Pennsylvania